

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2008

# USA v. Hidalgo

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4885

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation
"USA v. Hidalgo" (2008). *2008 Decisions.* Paper 1698.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1698

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4885
_____

UNITED STATES OF AMERICA

v.

EVELYN HIDALGO,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No.04-cr-00823
District Judge: Hon. Katharine S. Hayden

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 7, 2008

Before: FUENTES, JORDAN, <u>Circuit Judges</u> and O'NEILL, <u>District Judge</u>[*]

(Opinion Filed:  January 28, 2008)

OPINION OF THE COURT

O'NEILL, *District Court Judge*.

_____

[*]Honorable Thomas N. O'Neill, Jr., District Judge, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

On this appeal from the sentence she received after being convicted of drug trafficking, Evelyn Hidalgo contends that she did not receive effective assistance of counsel. Finding no error and also concluding that Hidalgo received effective assistance of counsel, we will affirm the judgment of sentence.

Because we write solely for the parties' benefit, we assume familiarity with the case and discuss only those facts necessary to our decision. Hidalgo waived prosecution by indictment and pled guilty to a one-count information charging her with conspiracy to import 500 grams or more of cocaine into the United States contrary to 21 U.S.C. §§952(a) and 960(b)(2)(B) in violation of 21 U.S. C. § 963. A sentencing hearing was held on her conviction on March 2, 2005. The District Court determined the base offense level to be 30, allowed a three point reduction for acceptance of responsibility, and fixed the adjusted offense level at 27. Based on Hidalgo's criminal history (convictions for petit larceny in April 1982, February 1983, March 1998 and February 2002, respectively), the District Court determined her criminal history to be category II. Hidalgo's trial counsel did not object to the category II determination.

Prior to accepting Hidalgo's plea, the District Court conducted a colloquy with her. During the course of the colloquy Hidalgo confirmed that trial counsel explained all of the terms of her plea agreement. Hidalgo stated that she understood *inter alia*: the nature of the charges against her, the offenses to which she was pleading guilty, the possible sentencing ranges for both criminal history categories I and II, and that she was

waiving her right to appeal both her sentence and post-conviction relief. Under the U.S. Sentencing Guidelines, the resulting range for offense level 27, criminal history category I is 70 to 87 months. The sentencing range for offense level 27, criminal history category II is 78 to 96 months. The District Court asked Hidalgo if she understood that the she could be sentenced more harshly than the bottom of both of the sentencing ranges and that if she was so sentenced she nevertheless waived her rights to appellate and post-conviction review. Hidalgo responded in the affirmative.

The District Court imposed a 78 month term of imprisonment. Judgment of sentence was entered on March 14, 2005. Hidalgo's trial counsel did not file a notice of appeal within 10 days after judgment of sentence was entered. On April 27, 2005, Hidalgo sent a letter to the District Court inquiring as to whether trial counsel filed a notice of appeal. The letter was docketed and treated as a notice of appeal. It was then forwarded to this Court and was dismissed as untimely on June 14, 2005.

On May 19, 2006, Hidalgo filed a motion pursuant to 28 U.S.C. § 2255 in District Court. She claimed that her trial counsel was ineffective for failing to file a timely notice of appeal. The District Court appointed new counsel to represent Hidalgo, held an evidentiary hearing on her motion, and, after determining that the facts established during the hearing did not conclusively contradict her assertion that she requested that a notice of appeal be filed on her behalf, permitted her to file to notice of appeal to challenge her sentence. On November 22, 2006, Hidalgo filed her notice of appeal. Therefore,

3

Hidalgo's appeal of the judgment of sentence entered by the District Court is presently before this Court.

Hidalgo argues that she was deprived of effective assistance of counsel by her trial counsel's failure to urge the District Court for a downward departure from criminal history category II to category I. We first note that while generally this Court will not reach the merits of an ineffective assistance of counsel claim on direct appeal, United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998), because the District Court held an evidentiary hearing on this issue the record is sufficient to allow for review thereof. Government of Virgin Islands v. Zepp, 748 F.2d 125, 133 (3d Cir. 1984). Appellate review is also proper since there is no need for an additional evidentiary hearing in any collateral proceeding. Id.

According to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), trial counsel may be found ineffective only where his decisions were so deficient as to prejudice the right to a fair trial. In Strickland, the Court held:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

Id. at 687, 688, 694, 104 S.Ct. 2052.

Hidalgo cannot satisfy the first prong of the Strickland test. Trial counsel's

performance was not deficient. Hidalgo argues that trial counsel should have argued for a downward departure from criminal history category II to category I. However, as Hidalgo stated in her brief, the general rule is that in order to qualify for criminal history category I an offender typically has not been convicted of a crime within the 10 years immediately preceding the entry of sentence. See, U.S.S.G. § 4A1.3, comment (n.3). Despite the fact that Hidalgo was not free of convictions within the 10 years prior to the imposition of her sentence, she nevertheless argues that her convictions were for minor offenses. She therefore concludes that trial counsel was ineffective for failing to request a downward departure. Hidalgo's argument does not withstand scrutiny under Strickland. Trial counsel's performance was not deficient because Hidalgo's four prior convictions - two within the 10 years immediately prior to her sentencing - establish that she is a category II offender. Trial counsel's asserted failure to urge the District Court to consider a downward departure did in not fall outside an objective standard of reasonableness as required by Strickland. Therefore, Hidalgo did not receive ineffective assistance of counsel.

Secondly, trial counsel's performance was not deficient because Hidalgo's plea agreement precluded trial counsel from arguing for a downward departure. Her plea agreement specifically states that there is no basis for an upward or downward departure not set forth therein. In her plea agreement Hidalgo also waived the right to file any appeal or collateral attack which challenged the District Court's authority to sentence in

5

accordance with the U.S. Sentencing Guidelines.  Our review of the plea colloquy demonstrates that the District Court complied with the mandates of Federal Rule of Criminal Procedure 11 and <u>Boykin v. Alabama</u>, 395 U.S. 238, 89 S.Ct. 1709 (1969).  We conclude that Hidalgo's plea was knowing and voluntary and that trial counsel's performance was not deficient.

Accordingly, we will affirm the judgment of sentence.